IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00918-BNB

JERAMIAH HOUSTON,

    Plaintiff,

v.

JUDGE DAVID WILLIAMS, Official and Individual Capacity,
DISTRICT ATTORNEY TERRY GILMORE, Official and Individual Capacity, and
COURT APPOINTED ATTORNEY DAVID JOHNSON, Official and Individual Capacity,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Jeramiah Houston, currently is detained at the Denver County Jail in Denver, Colorado. Mr. Houston, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of a state court criminal conviction. For the reasons stated below, the action will be dismissed.

    The Court must construe the Prisoner Complaint liberally because Mr. Houston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id.*

Mr. Houston asserts that in November 2000 he was charged with committing a sexual offense against a minor under the age of fifteen in Larimer County Case No. 00CR1393.  Mr. Houston contends that the charges were fictitious because he was incarcerated both before and after the date the alleged offense took place.  Mr. Houston further contends that he entered into a plea agreement regarding the charges on the advice of his court-appointed attorney but did so only under duress.  Mr. Houston seeks money damages and a new trial.

To the extent Mr. Houston seeks a new trial, his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The habeas corpus claims, therefore, may not be raised in this § 1983 action.  To pursue habeas corpus claims Mr. Houston must file a separate habeas corpus action.   Before seeking habeas corpus relief in federal court, however, Mr. Houston must exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Mr. Houston's claims for damages may be asserted in a § 1983 action.  The claims, nonetheless, are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

Based on Mr. Houston's description of the nature of this case it is apparent that he has not invalidated his conviction and sentence in Case No. 00CR1393.  The Court, therefore, finds that Mr. Houston's claims for damages challenging the validity of his

state court criminal resentencing are barred by the rule in *Heck* and must be dismissed. Although these claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

The Court also notes that Mr. Houston's Complaint suffers from other deficiencies. Defendant Judge David Williams is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Williams was acting in his judicial capacity when he convicted and sentenced Mr. Houston; he was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Williams are barred by absolute judicial immunity.

Defendant Terry Gilmore enjoys immunity from suit under 42 U.S.C. § 1983 for his prosecutorial activities. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Houston's allegations against Defendant Gilmore involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom.Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Gilmore is an inappropriate party to this action based on absolute immunity.

Defendant David Johnson, whether a private attorney or a public defender who represented Mr. Houston, is not a state actor under § 1983 and is not a proper party to

this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Based on the above findings, the Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Houston files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*. It is

FURTHER ORDERED that the dismissal is pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  27th  day of    April   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court