IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00918-LTB

JERAMIAH HOUSTON,

    Plaintiff,

v.

JUDGE DAVID WILLIAMS, Official and Individual Capacity,
DISTRICT ATTORNEY TERRY GILMORE, Official and Individual Capacity, and
COURT APPOINTED ATTORNEY DAVID JOHNSON, Official and Individual Capacity,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion to Show Court Error in Address Resulting in Dismissal by Court" that Plaintiff Jeramiah Houston, a *pro se* prisoner litigant, filed on May 18, 2012. Mr. Houston is detained at the Denver County Jail in Denver, Colorado. Mr. Houston seeks reconsideration of the Order of Dismissal and the Judgment entered on April 27, 2012, dismissing the instant action. The Court must construe the Motion liberally because Mr. Houston is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court dismissed the Complaint and action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van*

*Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The instant Motion was filed on May 18, 2012. The Court will consider Mr. Houston's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the Order of Dismissal and Judgment were entered in this action on April 27, 2012. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). On consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Houston fails to demonstrate some reason why the Court should alter or amend the April 27 Order of Dismissal and Judgment in this action.

Mr. Houston contends that the Clerk of the Court sent all correspondence to him at an incorrect address and that as a result the Complaint was dismissed. He further asserts that he paid an initial partial filing fee and is entitled to have the merits of his claims considered.

First, contrary to Mr. Houston's assertion that several orders and memoranda were not delivered to him and were returned to the Court, only one piece of mail sent to him, which included the Order of Dismissal and Judgment, was returned to the Court. Second, this action was not dismissed because Mr. Houston had failed to comply with any court order. The action is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Based on these findings, the Court does not find justification for reinstating the action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Mr. Houston's Motion to Show Court Error in Address Resulting in Dismissal by Court, Doc. No. 9, filed on May 18, 2012, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied. It is

FURTHER ORDERED that the Clerk of the Court shall resend a copy of the Order of Dismissal and the Judgment to Mr. Houston.

DATED at Denver, Colorado, this   29th   day of    May       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court